**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2571

_____

MIGUEL GONZALEZ ESPINOZA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A099-939-312)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 19, 2018

Before:  GREENAWAY, JR., RENDELL, and FUENTES, *Circuit Judges*

(Opinion Filed:  July 26, 2018)

_____

OPINION*

_____

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*.

Miguel Gonzalez Espinoza petitions for review of his final order of removal for a controlled substance violation issued by the Board of Immigration Appeals (the "Board"). For the reasons explained below, we will deny the petition.

## I.

Gonzalez Espinoza, a citizen of Mexico, has lived in the United States as a lawful permanent resident since 2011. In 2013, Gonzalez Espinoza was charged with knowingly or intentionally possessing a Schedule I controlled substance, XLR-11, under section 780-113(a)(16) of the Pennsylvania Controlled Substances Act (the "Act"). In 2016, Gonzalez Espinoza was charged again under the same statute for knowingly or intentionally possessing synthetic marijuana. In March 2016, Gonzalez Espinoza pled guilty to each controlled substance charge.

In October 2016, the Department of Homeland Security began removal proceedings against Gonzalez Espinoza on the grounds that he was an alien, lawfully admitted into the United States, convicted of a controlled substance violation under 8 U.S.C. section 1227 (a)(2)(B)(i).

In a motion to terminate removal proceedings before the Immigration Judge, Gonzalez Espinoza argued section 780-113(a)(16) of the Act was not categorically a controlled substance violation under 8 U.S.C. section 1227(a)(2)(B)(i) . Further, Gonzalez Espinoza argued section 780-113(a)(16) was indivisible, asserting the specific substances involved in the statute were means, and not elements, of the offense, and therefore, a judge could not appropriately apply the modified categorical approach.

2

The Immigration Judge rejected Gonzalez Espinoza's arguments, finding section 780-113(a)(16) of the Act divisible. Consequently, the Immigration Judge applied the modified categorical approach and found that Gonzalez Espinoza's 2013 conviction was for possessing XLR-11, a drug published in the Federal Schedule at 21 C.F.R section 1308(d)(49). As such, the Immigration Judge concluded that the statute of conviction in Gonzalez Espinoza's conviction was categorically a controlled substance offense under section 1227 (a)(2)(B)(i), and thus, he was removable.

On appeal to the Board, Gonzalez Espinoza argued that section 780-113(a)(16) is indivisible. The Board rejected Gonzalez Espinoza's argument and upheld the Immigration Judge's conclusion, stating that the relevant Pennsylvania statute is divisible. The Board, like the Immigration Judge, did not consider Gonzalez Espinoza's 2016 offense in its determination of removability. Gonzalez Espinoza timely filed a petition for review.[1]

## II.

The question before this Court is whether the Board erred in applying the modified categorical approach and finding that Gonzalez Espinoza was convicted of a

---

[1] The Board exercised jurisdiction to review the Immigration Judge's order of voluntary departure under 8 C.F.R. sections 1003.1(b)(3); and 1240.15. We generally have jurisdiction to review a final order of removal under 8 U.S.C. section 1252(a)(1). However, because Gonzalez Espinoza is considered a criminal alien, the court is limited in its review. *Id.* § 1252(a)(2)(C). In this case, the court maintains jurisdiction because the petition raised a question of law. § 1252(a)(2)(D). We review such claims de novo. *Restrepo v. Att'y Gen.*, 617 F.3d 787, 790 (3d Cir. 2010) ("The question of whether an alien's offense constitutes an aggravated felony is reviewed de novo as it implicates a purely legal question that governs the appellate court's jurisdiction.").

removable controlled substance offense.  The answer to this question, and Gonzalez

Espinoza's petition, hinges on whether subsection vii, synthetic cannabinoids, of

Schedule I of the Act is divisible.[2]  This requires the application of *Mathis v. United

States*, in which the Supreme Court outlined three ways for sentencing courts to

determine whether a statute is divisible or indivisible.[3]  For the following reasons, we will

deny Gonzalez Espinoza's petition.

The categorical approach enables a court to determine whether a statute of

conviction, in this case section 780-113(a)(16); referencing the Pennsylvania Controlled

Substances Schedules, matches or is narrower than the relevant generic offense, in this

case section 1227 (a)(2)(B)(i); referencing Federal Controlled Substances Schedules.[4]

When a statute is indivisible, or lists multiple factual means for committing a single

crime, the court employs a straightforward application of the categorical approach and

compares the elements of the statute of conviction to the generic offense.[5]  However,

when a statute is divisible and lists several, alternative elements (making separate

crimes), the court applies the modified categorical approach.[6]  "[This approach] permits a

court to determine which statutory phrase was the basis for the conviction."[7]  Once the

---

[2] While the broader issue is whether section 780-113(a)(16) is divisible, Gonzalez
Espinoza focuses his argument almost entirely on whether the subsection of the Schedule
referenced in section 780-113(a)(16) is divisible. For this reason, we will focus our
analysis on the divisibility of section 780-104(1)(vii), synthetic cannabinoids.
[3] 136 S. Ct. 2243, 2256 (2016).
[4] *See Mathis*, 136 S. Ct. at 2248.
[5] *See id.*
[6] *See id.* at 2249.
[7] *Descamps v. United* States, 570 U.S. 254, 263 (2013) (quoting *Johnson v. United States*,
559 U.S. 133, 144 (2010)).

court has determined the statutory phrase of conviction, the court compares it with the generic offense and decides if the two are a categorical match.[8] Accordingly, if Gonzalez Espinoza's statute of conviction, referencing the Pennsylvania Controlled Substances Schedules, matches section 1227 (a)(2)(B)(i), referencing the Federal Controlled Substances Schedules, he is removable.[9]

When a court is determining whether a statute is divisible, it should first establish whether a state court decision answers the question.[10] If the state courts are silent as to the divisibility of the statute, the court should consider whether the statute on its face resolves the issue.[11] In the event the statute fails to establish divisibility, the court may look to record of prior conviction itself.[12]

Gonzalez Espinoza argues Pennsylvania state case law establishes that synthetic cannabinoids is indivisible. In *United States v. Henderson*, we explained "as it pertains to the delivery of controlled substances under section 780-113(a)(30), the Pennsylvania Superior Court found that the specific type of drug used was an element of the offense; not a means of committing the offense."[13] Moreover, we held such logic applied to section 780-113(f)(1) of the Act.[14] Gonzalez Espinoza argues the same logic cannot

---

[8] *See Mathis*, 136 S. Ct. at 2249.

[9] *See Singh v. Att'y Gen.*, 839 F.3d 273, 278 (3d Cir. 2016).

[10] *See Mathis*, 136 S. Ct. at 2256.

[11] *See id.*

[12] *See id.*

[13] 841 F.3d 623, 629 (3d Cir. 2016) (citing *Commonwealth v. Swavely*, 382 A.2d 946, 949 (Pa. Super. Ct. 1988) (noting that § 780-113(a)(30) criminalizes possession of a controlled substance with intent to deliver)).

[14] *See id*. (noting that § 780-113(f)(1) criminalizes possession of heroin).

extend to his offense under section 780-113(a)(16) of the Act. We disagree, seeing no reason to think that possession of heroin under section 780-113(f)(1), as in *Henderson*, is any different than possession of XLR-11 under section 780-113(a)(16). Therefore, we hold that Pennsylvania case law has already established that synthetic cannabinoids is divisible.

Continuing in his application of *Mathis*, Gonzalez Espinoza argues that synthetic cannabinoids is indivisible because it "is drafted to offer 'illustrative examples,'" of ways to commit the relevant crime.[15] Gonzalez Espinoza claims XLR-11 is not a part of an exhaustive and disjunctive list of banned substances, but is a mere "illustrative [example] of how one might possess synthetic cannabinoids."[16] In reply, the Government rightly points out that "a jury would have to conclude that [Gonzalez Espinoza], in fact, possessed that specific drug which has been classified as a controlled substance in Schedule I" of the Act.[17] Moreover, we have held that the particular controlled substances a jury bases its convictions on are "distinct elements of the crime; not means of committing the crime."[18]

Gonzalez Espinoza also contends that the statute is facially indivisible because the list of controlled substances in Schedule I of the Act contains non-exhaustive "catch-all" provisions, like a prohibition on CB1 agonists. This fails to persuade because the

---

[15] 136 S. Ct. at 2256 (quoting *United States v. Howard*, 742 F.3d 1334, 1348 (11th Cir. 2014)).
[16] Pet'r Br. 20.
[17] *Henderson*, 841 F.3d at 629.
[18] *Id.*

6

prohibition on CB1 agonists describes a discrete type of controlled substances and is not a limitless catch-all. The Schedules, their subsections, and their sub-subsections are dependent on the ever-developing findings of pharmaceutical science. As such, there is no telling how many more CB1 agonists may be discovered and when new CB1 agonists may be discovered, but at all times the list is exhaustive in that pharmaceutical science knows the entire "world" of CB1 agonists. Gonzalez Espinoza's argument falls short in light of this position, and for that reason, we conclude the Act does not facially establish synthetic cannabinoids is indivisible.

Finally, Gonzalez Espinoza argues his record of conviction establishes synthetic cannabinoids is indivisible. Under *Mathis*, the Supreme Court explained federal judges may take a "peek" at the record of conviction to determine whether a statute contains elements or means.[19] Further, the Court held if the record of conviction references a "single umbrella term," the items listed under the single umbrella term are means and not elements.[20] Gonzalez Espinoza claims that his 2016 charging document, which refers generally to possession of synthetic cannabinoids proves synthetic cannabinoids is indivisible.

While Gonzalez Espinoza is correct that the charging document related to his 2016 offense refers generally to synthetic cannabinoids, without referencing a particular type of synthetic cannabinoid, the Board and the Immigration Judge found Gonzalez Espinoza

---

[19] 136 S. Ct. at 2256-57 (quoting *Rendon v. Holder*, 782 F.3d 466, 473-74 (9th Cir. 2015)).
[20] *Id.* at 2257.

removable on the basis of his conviction related to his 2013 offense, where XLR-11 was specified.[21] Gonzalez Espinoza's 2013 charging document references "one alternative term to the exclusion of all others."[22] Under *Mathis*, such a record of conviction confirms that synthetic cannabinoids "contains a list of elements, each one of which goes toward a separate crime."[23]

On the whole, the modified categorical approach was applied appropriately.[24] Because the court found Gonzalez Espinoza's conviction was for a drug published in the Federal Schedule, the Board correctly determined Gonzalez Espinoza was removable under section 1227 (a)(2)(B)(i).

## III.

For the foregoing reasons, we will deny Gonzalez Espinoza's petition for review.

---

[21] *See* Singh, 807 F.3d at 550 n.4 (3d Cir. 2015) ("We decide the petition only on the administrative record on which the order of removal is based, and defer to the administrative findings of fact as conclusive[,] unless any reasonable adjudicator would be compelled to conclude to the contrary." (alteration in original) (internal quotations and citations omitted)).

[22] *Mathis*, 136 S. Ct. at 2257.

[23] *Id.*

[24] The Petitioner also argued that, even if section (1)(vii) of the Pennsylvania Controlled Substance Act is divisible, sub-subsection (1)(vii)(12)—tetramethylcylopropylindoles—remains indivisible. This argument fails for reasons similar to his arguments regarding divisibility of synthetic cannabinoids.